2 F.3d 1160
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Willie SCOTT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-5204.
 United States Court of Appeals, Tenth Circuit.
 Aug. 9, 1993.
 
 1
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 BENSON, District Judge.
 
 
 4
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 5
 Willie Scott (claimant) filed an application for disability insurance benefits in 1988, alleging that he was disabled because of chronic back pain and leg pain due to spondylosis and spinal stiffness. Claimant reported that he has experienced lower back pain since the early 1960s. He underwent back surgery in 1974. He continued to experience back pain after the surgery and allegedly was unable to work after May of 1983. Claimant filed a previous application for disability benefits in January 1984 which was denied. The denial was affirmed by the district court on October 4, 1984.
 
 
 6
 Claimant's present application was denied initially and upon reconsideration. At claimant's request, an administrative law judge (ALJ) conducted an administrative hearing. The ALJ determined that principles of res judicata precluded claimant from claiming benefits before October 4, 1984, that claimant's insured status expired on December 31, 1988, and that between those two dates claimant was not disabled within the meaning of the Social Security Act. The ALJ's decision became the final decision of the Secretary when the Appeals Council denied claimant's request for review. The district court affirmed the denial of benefits. Claimant now appeals the district court's decision. We exercise jurisdiction under 42 U.S.C. Sec. 405(g). We conclude that the existing record supports the denial of benefits, and we affirm the district court's decision.
 
 
 7
 To qualify for disability benefits, claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. Sec. 423(d)(1)(A). The Secretary has established a five-step sequential test for evaluating a disability. See 20 C.F.R. Secs. 404.1520, 416.920 (1992); see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988) (explaining five steps). Applying the first four steps of the test, the ALJ in this case determined that claimant was not presently engaged in a substantial gainful activity, claimant had a medically severe impairment, but the impairment did not meet any of the impairments listed in the regulations, and claimant's impairment prevented him from performing the work he performed in the past. The ALJ's conclusions regarding the first four steps of the test are not at issue in this case.
 
 
 8
 Because claimant satisfied his burden of proof on the first four steps, he established a prima facie case of disability. Williams, 844 F.2d at 751. The burden of proof shifted to the Secretary at step five to show that claimant retained the residual functional capacity (RFC) to "perform an alternative work activity and that this specific type of job exists in the national economy." Channel v. Heckler, 747 F.2d 577, 579 (10th Cir.1984). In that regard, the ALJ found that claimant's back pain was substantiated by objective medical evidence, but was not so severe as to preclude claimant from performing a full range of light work. The ALJ then relied on the relevant medical vocational guidelines (grids), which directed the conclusion that claimant was not disabled.
 
 
 9
 Claimant advances a number of interrelated challenges to the ALJ's conclusion regarding the claimant's capacity to engage in a full range of light work. He claims that the ALJ failed to properly consider his complaints of disabling pain, failed to give proper weight to the opinion of his treating physician, failed to obtain vocational expert testimony, and erred in relying exclusively on the grids.
 
 
 10
 Our review is limited to determining whether the Secretary's findings "are supported by substantial evidence and whether the secretary applied correct legal standards." Gay v. Sullivan, 986 F.2d 1336, 1338 (10th Cir.1993). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Hargis v. Sullivan, 945 F.2d 1482, 1486 (10th Cir.1991). This court will not substitute its judgment for that of the ALJ. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir.1991).
 
 
 11
 It is well established that " '[t]he grids should not be applied conclusively in a particular case ... unless the claimant could perform the full range of work required of [the pertinent RFC] category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range.' " Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir.1993) (quoting Hargis, 945 F.2d at 1490). " '[R]esort to the grids is particularly inappropriate when evaluating nonexertional limitations such as pain.' " Id. (quoting Hargis, 945 F.2d at 1490). Therefore, we evaluate the record to determine whether substantial evidence supports the ALJ's decision that, notwithstanding claimant's pain, claimant is capable of engaging in a full range of light work and is physically capable of performing most jobs in that category. Id. "Absent such evidence, the Secretary cannot satisfy the burden at step five without producing expert vocational testimony or other similar evidence to establish the existence of significant work within the claimant's capabilities." Id.
 
 
 12
 Social Security Ruling 83-10 explains that jobs in the light work category require "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday. Sitting may occur intermittently during the remaining time."
 
 
 13
 At the hearing, claimant testified that he experiences constant pain. II R. 33. He explained that he "just can't work." Id. at 31. In claimant's words, the pain prevents him from doing "anything, you know, like working, like, you know, shovelling or hoeing or raking or anything that's hard to keep that--get[s] that back to hurting." Id. His daily activities, reportedly, are limited to "a little" gardening, watering plants, emptying the trash, reading, sitting around, and walking around in the yard. Id. at 34. Claimant's log of his daily activities for a four-day period in 1989 shows that, in addition to the above activities, claimant sharpened lawn mower blades for himself and someone else, picked up a riding lawn mower tire for an elderly friend, swept and straightened the garage, put a throttle on his lawn mower, put a trimmer line on a weed trimmer, and swept the sidewalk. Id. at 139-48.
 
 
 14
 Regarding claimant's efforts to relieve his pain, claimant testified that he takes Tylenol and sits in a warm bath once a day. Id. at 29-31. He dismissed the possibility of controlling his pain with prescribed pain relievers, stating he does not "want to take drugs." Id. at 29. Claimant also stated that a doctor advised him that further surgery would not help. Id. at 36.
 
 
 15
 Claimant testified that, because of his back pain, he has difficulty concentrating, driving, walking more than a block, sleeping, and pulling himself from a seated or reclining position. Id. at 28-36. In his disability report, claimant stated that he could not lift more than ten pounds, stoop or bend, or stand in one spot for any length of time. He also reported pain while sitting.
 
 
 16
 Claimant reported many of these same limitations to the consultative physician, Dr. Young. According to Dr. Young's report, claimant stated that he could sit for fifteen to twenty minutes without pain, stand for less than fifteen minutes without pain, and walk for only a few minutes without pain. Id. at 129. Claimant explained to Dr. Young that the back pain radiates into his left leg and down the leg into his toes, but there is no numbness in either leg. Id. Dr. Young diagnosed claimant with chronic back pain, but saw "no evidence of active nerve root entrapment or impingement at this time." Id. at 130. Dr. Young also noted that claimant's joint ranges of motion were basically normal, with the exception of a limitation of hip flexion bilaterally, id., and claimant's heel and toe walking were normal. Dr. Young found that the chronic back pain "could well be related to an earlier disc impingement on a nerve root." Dr. Young indicated that claimant experienced pain with the range of motion tests on his lumbosacral spine, id. at 131, but offered no further opinion as to whether claimant's functional capacity was limited as a result of the pain.
 
 
 17
 Claimant's treating physician, Dr. Heim, in an earlier report to claimant's insurance carrier, made the conclusory diagnosis that claimant had post-operative chronic lower back pain syndrome. Id. at 117. Dr. Heim diagnosed the claimant with spondylosis L4-5, as well as "pain chronic daily [with] lower back stiffness which is aggravated by standing sitting etc." Id. Dr. Heim also found claimant had chronic leg pain. Id. In Dr. Heim's opinion, claimant had a severe limitation on his functional capacity and was incapable of minimal activity. Dr. Heim remarked:
 
 
 18
 [claimant] has been under treatment since 1979 here and had surgery in 1972. Dr. Cobb felt he was unable to work in 1983 & I feel he continues to have the same disability and is unable to do even sedentary work due to his back.
 
 
 19
 Id. at 116.
 
 
 20
 Two physicians reviewing claimant's circumstances in connection with the claimant's application for disability benefits in this case disagreed with Dr. Heim and offered optimistic assessments of claimant's RFC. Drs. Barnes and Fiegel found that claimant retained the capacity to lift fifty pounds, stand and walk for six hours a day, and sit for six hours a day. Id. at 101, 105. Although Dr. Fiegel's assessment makes no mention of claimant's alleged pain, Dr. Barnes considered claimant's pain and found it "does not further restrict RFC." Id. at 102.
 
 
 21
 While the ALJ must accord substantial weight to the treating physician's opinion and may reject the opinion only for good cause, "a treating physician's opinion may be rejected if it is brief, conclusory, and unsupported by medical evidence." Frey, 816 F.2d at 513 (citing Allison v. Heckler, 711 F.2d 145, 148 (10th Cir.1983)). We hold that the ALJ gave the treating physician's report appropriate consideration. It was necessary for the ALJ to give the treating physician's report due deference, but the ALJ was not required to give the report more consideration than it was worth. The treating physician's recommendation was not made in connection with this case. It was made in an unrelated report to claimant's insurance carrier, was brief and conclusory, and was not supported by any objective or specific medical findings. The opinion was not given in connection with the disability proceeding. We agree with the district court that Dr. Heim's opinion was not entitled to greater weight than it received in light of the evidence of record as a whole. The ALJ was presented with the opinions of Drs. Young, Barnes, and Fiegel which supported the ALJ's conclusion that the claimant is not disabled. In addition, the ALJ had the claimant's description of his daily activities and his testimony that he resorts only to Tylenol and warm baths to relieve his pain. The ALJ relied on all of this evidence and found the absence of significant medical "evidence of any serious muscular weakness, sensory loss or other progressive physical deterioration which is usually present in cases of severe and continuous pain." II R. 11.[1]
 
 
 22
 The court recognizes that the ALJ's report is not the model of clarity. It would have been helpful if the ALJ had stated somewhat more clearly the evidence supporting his decision. Nonetheless, the ALJ found, based on the record, "that notwithstanding the presence of a significant impairment ... the claimant retains the residual functional capacity for exertional work." II R. 11. It would have been better for the ALJ to describe the evidence in greater detail. Nonetheless a review of the record reveals that there was significant evidence to support the ALJ's opinion. While Dr. Heim's statement suggested to the claimant's insurance carrier that claimant was disabled, other medical experts, in more detailed reports, found that claimant was not disabled. Furthermore, the testimony was that claimant could walk for six hours a day, sit for six hours a day, and lift 50 pounds. The testimony of these physicians was consistent with the claimant's own testimony. Claimant testified that he took walks and worked in his yard. He only used Tylenol and took warm baths to relieve his pain. Taken as a whole, the evidence supported the ALJ's decision. While the court would have liked the ALJ to be more diligent in his report in stating the reasons for disregarding the treating physician's statement to the insurance company, it would be a hyper-technical reading of Reyes to send this back to the ALJ.
 
 
 23
 After finding that the medical evidence supports the finding that claimant does not suffer disabling pain, the Secretary still has the burden
 
 
 24
 to establish that [claimant] retains the exertional and nonexertional capacity to perform a significant number of jobs in the national economy, despite (1) the level of nondisabling pain [he] suffers (if it partially diminishes work capacity), and (2) the type and degree of functional limitations (sitting, standing, lifting, etc.) that restrict [his] occupational opportunities.
 
 
 25
 Ragland, 992 F.2d at 1060; see also Hargis, 945 F.2d at 1490 (noting that even if claimant does not suffer disabling pain, Secretary must go on to demonstrate claimant can perform jobs "given the level of pain he suffers.") Claimant asserts that the record does not contain sufficient evidence to support the conclusion that, notwithstanding his pain, he is capable of performing a full range of light work and can perform most of the jobs in that category. Therefore, claimant argues, the Secretary's burden can be satisfied only with the testimony from a vocational expert "or other similar evidence to establish the existence of significant work within the claimant's capabilities." Ragland, 992 F.2d at 1058. In order to satisfy Ragland, "we assess the record to determine whether the Secretary presented substantial evidence demonstrating that, notwithstanding [his] physical impairment and alleged pain" claimant could perform the full range of light work and "would qualify for most of the jobs falling within the RFC category." Id. Only if there is no such evidence must the Secretary produce a vocational expert or "other similar evidence" in order to satisfy her burden. The Secretary presented ample evidence to comply with the Ragland requirements. The doctors, other than claimant's treating physician, found that the claimant is capable of performing a full range of light work. This testimony was for all practical purposes undisputed. The ALJ found "no evidence of any serious muscular weakness, sensory loss or other progressive physical deterioration which is usually present in cases of severe and continuous pain." II R. 11. The ALJ further found instructive that even though claimant complains of great pain, it was relieved by Tylenol and warm baths and he takes no medication to help him sleep. Id. The ALJ also found important claimant's own testimony that he was able to garden, water the plants, read (presumably while sitting) and sit around. The ALJ also observed claimant at the hearing and his appearance supported the ALJ's finding. Id. The ALJ analyzed claimant's high blood pressure, obesity, and physical condition and found that "the claimant's conditions are not of such a degree as to preclude the performance of light work activities on a sustained basis." Id. The ALJ's findings were supported by the medical evidence submitted, as the ALJ specifically declared on page three of his report. Based on the ALJ's findings, we hold that substantial evidence exists to support the ALJ's conclusion. Therefore, it was not necessary for the Secretary to produce a vocational expert.
 
 
 26
 Accordingly, after thoroughly reviewing the record and the applicable law, we conclude that substantial evidence supports the denial of benefits, and we affirm the district court's decision.
 
 
 27
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 PAUL KELLY, Jr., Circuit Judge, dissenting:
 
 28
 I respectfully dissent. I find no evidence in the record that claimant can handle a full range of light work on a daily basis. Absent such evidence, the Secretary cannot rely conclusively on the grids to satisfy her burden with respect to the fifth step. Ragland v. Shalala, 992 F.2d 1056, 1058 (10th Cir.1993) (citations omitted).
 
 
 29
 The ALJ failed to make any mention of the treating physician's opinion which states unequivocally that claimant is totally disabled. The consulting physician's opinion confirms chronic back pain related to an earlier disc impingement on a nerve root, observes limitation of hip flexion and a limp, and notes a positive straight leg raising test, all of which supports the claimed disability. The consulting physician did not offer an opinion regarding claimant's functional limitation.
 
 
 30
 Although two reviewing physicians evaluated claimant's functional capacity, there is no indication that these physicians examined claimant, and they offered no explanation of the basis of their conclusions. Accordingly, their opinions are of "suspect reliability." Gatson v. Bowen, 838 F.2d 442, 448 (10th Cir.1988) (citation omitted). In my view, the lack of reliable medical evidence of claimant's ability to perform a full range of light work on a sustained basis undermines the significance of claimant's sporadic daily activities and his efforts to control his pain. See Frey v. Bowen, 816 F.2d 508, 517 (10th Cir.1987) (requiring consideration of four elements before denying benefits based on claimant's failure to pursue treatment); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir.1983) (sporadic activities do not establish claimant's ability to perform substantial gainful activity). Because I do not find substantial evidence that claimant can perform a full range of light work on a sustained basis, I would remand this case for testimony from a vocational expert.
 
 
 
 *
 Honorable Dee Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 While substantial weight must be given to the treating physician's testimony, it may be rejected if good cause is shown. Reyes v. Brown, 845 F.2d 242, 244 (10th Cir.1988). In rejecting the treating physician's opinion, the ALJ articulated ample, legitimate reasons, with enough specificity, to comply with Reyes. In addition, taking the evidence as a whole, there is enough to support the decision