97 F.3d 1453
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert WIERGOWSKI, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-2011.
 United States Court of Appeals, Sixth Circuit.
 Sept. 12, 1996.
 
 Before: MARTIN, KRUPANSKY and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The appellant, Robert Wiergowski, appeals from the district court's decision denying Social Security disability benefits. Wiergowski challenges the administrative decision that he is able to perform light work with certain limitations, including the ability to alternate between sitting and standing. For the reasons explained below, we affirm the district court's decision.
 
 
 2
 Wiergowski is now a 42-year-old former press operator and pipe heater with a high school degree and an associate's degree. He applied for Social Security disability insurance benefits in June 1992, alleging that he became disabled in 1981 because of excessive weight, high blood pressure, hypothyroid, and fluid retention. The agency denied benefits both initially and upon reconsideration. During a subsequent administrative hearing held at claimant's request, the claimant testified that he had weighed at least 450 pounds since 1986. He explained that it was difficult for him to sit because his legs and knees got sore. He testified that he could sit for a couple of hours if he could move around in the chair, while at home he would sit about an hour before lying down. He stated that he cannot stand for long without a backache, but he is able to cook supper and go bowling. Assuming that the claimant was credible, a vocational expert testified that Wiergowski could not perform his past relevant work. The administrative law judge asked the vocational expert to assume that Wiergowski could perform sedentary or light work with a sit/stand option, with no repetitive bending, twisting, or turning; no crawling, squatting, kneeling, or climbing; and no prolonged walking, standing, or lifting. The vocational expert identified numerous sedentary and light unskilled jobs, including 2,100 surveillance system monitoring jobs, 3,300 order clerk jobs, 1,000 referral and information clerk jobs, 1,700 dispatcher jobs, 8,600 gas station attendant jobs, 10,000 gate guard jobs, and 1,400 office clerk jobs. The vocational expert stated that these jobs offer the option of standing intermittently and do not generally require one to sit all day. At a subsequent hearing, the vocational expert identified 94,000 sedentary, unskilled jobs with a sit/stand option. She added that the office clerk jobs were the only ones that would require sitting, but that the other jobs could be performed either in a sitting or standing position.
 
 
 3
 After these hearings, an administrative law judge found that the claimant was not disabled. The judge specifically found incredible the claimant's testimony about his weight as of the date his insured status ended on September 30, 1986, because medical evidence showed that he had weighed only 296 pounds in November of 1985 after a nine-month diet resulting in a 100-pound loss. Thus, no evidence established that the claimant met a listed impairment within Part 404, Subpart P, Appendix 1 on the last date of his insured status. The administrative law judge also believed that the claimant's assessment of his pain and limitations was not fully credible. The judge concluded that at the time his insured status ended, Wiergowski had the residual functional capacity to do unskilled light work except for prolonged walking, standing, or lifting; repetitive bending, twisting, or turning; crawling, squatting, kneeling, climbing, or sitting and standing at will. After the administrative law judge denied Wiergowski benefits, the Appeals Council affirmed that decision.
 
 
 4
 Wiergowski appealed the final agency decision to federal district court, and a magistrate judge recommended summary judgment for the Commissioner. The magistrate judge addressed the claimant's arguments that Social Security Ruling 83-10 requires the ability to sit for six hours in order to do sedentary work, while Ruling 83-12 points out that most sedentary jobs with a sit/stand option are managerial or professional. Finding no evidence that the claimant could not alternate between sitting and standing, and finding that the vocational expert testified that inability to sit for prolonged periods would not preclude the suggested jobs, the magistrate judge found substantial evidence to support the administrative law judge's decision. Wiergowski objected, arguing that the vocational expert's testimony was inconsistent with Social Security Rulings 83-10 and 83-12. The district court, however, accepted the magistrate judge's recommendation denying benefits.
 
 
 5
 Social Security regulations provide a five-step analysis for determining whether a claimant is disabled. 20 C.F.R. 404.1520. First, the claimant must not be engaged in substantial gainful activity in order to receive benefits. Second, the claimant must have a severe impairment. Third, after having met those two requirements, if a claimant has an impairment listed in Part 404, Subpart P, Appendix 1, then he is presumptively disabled. If not, then a determination of the claimant's residual functional capacity must be made, and if the claimant is able to perform his past work, then he is not considered disabled. If the claimant cannot, however, perform his past work, then he will be considered disabled if he cannot perform other work based on his residual functional capacity, age, education, and past work experience. This court reviews the Commissioner's findings only to determine whether those findings are supported by substantial evidence and whether the proper legal standards were applied. Brainard v. Secretary of Health & Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 On appeal, the plaintiff essentially challenges the administrative law judge's finding of his residual functional capacity, arguing that the administrative law judge erred by ignoring his testimony that he cannot tolerate prolonged sitting without lying down. He argues that the administrative law judge erroneously assumed that he could perform sedentary work with a sit/stand option. The claimant relies on his own testimony that he can sit, stand, and walk for only short periods of time without lying down or reclining.
 
 
 7
 We note, however, that Wiergowski has waived his challenge to the determination of his residual functional capacity, because his only objections to the magistrate judge's report were that the administrative law judge erred as a matter of law by failing to consider Social Security Rulings 83-10 and 83-12. Crum v. Sullivan, 921 F.2d 642, 645 (6th Cir.1991).
 
 
 8
 On this limited issue, Wiergowski cannot prevail, for he has posited an untenable interpretation of the regulations. He cites Social Security Ruling 83-12 for the proposition that someone may be disqualified from both sedentary and light work because of a need to alternate between sitting and standing and, further, that while managerial or professional jobs often allow a degree of choice regarding when one may sit or stand, unskilled jobs may not allow that choice. Although Wiergowski claims that this regulation deems him unfit for work, he neglects to mention the regulation's concluding sentence: "In cases of unusual limitation of ability to sit or stand, a [vocational expert] should be consulted to clarify the implications for the occupational base." In this case, the administrative law judge relied on a vocational expert who found a multitude of jobs suitable for Wiergowski as of the date his insured status ended. Hence, we conclude that substantial evidence supports the administrative law judge's decision.
 
 
 9
 Furthermore, while Social Security Ruling 83-10 states that sedentary work may involve periods of standing or walking that "generally total no more than about two hours of an eight-hour day, and sitting should generally total approximately six hours of an eight-hour workday," the claimant twists the meaning of this regulation by suggesting that a sedentary worker would be forced to sit for six hours. As the vocational expert made clear, however, the jobs identified would allow the claimant the option of sitting or standing to relieve his discomfort.
 
 
 10
 For the reasons stated above, we AFFIRM the judgment of the district court.