Earl THOMAS, Plaintiff,

v.

William A. HALTER, Commissioner
of Social Security, Defendant.

No. CIV. 00–40141.

United States District Court,
E.D. Michigan,
Southern Division.

Feb. 27, 2001.

Judith E. Levy, United States Attorney's Office, Detroit, MI, for defendant.

Earl Thomas, Jackson, MI, pro se.

Richard D. Tolin, Southfield, MI, pro se.

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING MAGISTRATE JUDGE MORGAN'S REPORT AND RECOMMENDATION

GADOLA, District Judge.

Pursuant to 28 U.S.C. § 636(b)(1)(b), Rule 72(b) of the Federal Rules of Civil Procedure, and Local Rule 72.1(d)(2), the Court has reviewed Magistrate Judge Virginia Morgan's report and recommendation filed January 4, 2001 [docket entry 12]. Magistrate Judge Morgan recommends that this Court: (1) grant Defendant's motion for summary judgment [docket entry 11]; (2) deny Plaintiff's motion for summary judgment [docket entry 10]; and (3) affirm Defendant's decision denying disability benefits. Plaintiff filed his objections to that report and recommendation on January 16, 2001. Defendant filed his response to the objections on January 30, 2001. Pursuant to Local Rule 7.1(e)(2), the Court concludes that a hearing would not aid in the disposition of this matter. After reviewing the record and the applicable law, this Court overrules Plaintiff's objections and accepts Magistrate Judge Morgan's report and recommendation as the Court's opinion.

## I BACKGROUND

This is an action for judicial review of Defendant's decision to deny Plaintiff's application to continue to receive disability benefits after Congress enacted 42 U.S.C. § 423(d)(2)(C), a statute that prohibits benefits to those for whom alcoholism or drug abuse is a material factor underlying their disability. In 1996, after Plaintiff learned that he would lose benefits under the statute, he sought disability benefits based on his diabetes and gouty arthritis. After a hearing before an Administrative Law Judge (ALJ), at which Defendant bore the burden of showing that Plaintiff is not disabled (R [1] at 6), the ALJ concluded that Plaintiff was ineligible for benefits on the ground that his impairments were no longer disabling. The ALJ reached this conclusion because she found that Plaintiff could perform a limited range of simple, unskilled light work that existed in significant numbers. Plaintiff then challenged the ALJ's decision before the district court.

Both parties moved for summary judgment. This Court referred the motion to the Magistrate Judge. Defendant based his motion on the administrative record underlying his decision. Plaintiff contended that substantial evidence did not support the ALJ's finding and that "the great weight of the evidence in the administrative record" showed Plaintiff to be disabled. According to the Magistrate Judge's report and recommendation, substantial evidence did support the ALJ's finding that Plaintiff was not disabled. Plaintiff now presents this Court with objections to the Magistrate Judge's report and recommendation. He argues that the Magistrate Judge:

(1) failed to consider Defendant's error in not applying SSR [2] 83–10 to these facts;

(2) failed to consider Defendant's error in not applying SSR 83–14 to these facts;

(3) failed to consider Defendant's error in not applying SSR 83–12 to these facts;

(4) failed to consider Defendant's error in not applying the vocational expert's testimony as to Plaintiff's alleged disability;

(5) "noted correctly that Grid 201.12 should have decided the matter in Plaintiff's favor except that the ALJ and the Magistrate Judge both erred in calling the narrow range of sedentary work 'light' ";

---

1. "R" refers to the report and recommendation of the Magistrate Judge.

2. "SSR" means "Social Security Ruling."

(6) wrongly stated that there was no medical evidence to show that Plaintiff could not lift twenty pounds occasionally and ten pounds frequently; and

(7) failed to observe Defendant's failure to find that Plaintiff's rheumatoid arthritis is severe enough to be a "listed impairment" under Listing § 1.02.

## II  STANDARD OF REVIEW

■ District courts must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. *See Mehaffey v. Apfel*, 81 F.Supp.2d 952, 953 (N.D.Iowa 2000) (citing 28 U.S.C. § 636(b)(1)). After conducting a de novo review, however, a district court is not required to articulate all of the reasons it rejects a party's objections. *United States v. Walker*, No. 94–CR–32S, 1994 WL 759866, at *1 (W.D.N.Y. Dec.21, 1994) (citing *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir.1986)). This Court has conducted a de novo review by reviewing the record before the Magistrate Judge in light of Plaintiff's objections.

■ Regarding an administrative denial of benefits, the findings of an ALJ are determinative if substantial evidence supports them. *Garland v. Shalala*, No. 94–6647, 1996 WL 99809, at *5 (Mar. 5, 1996). Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support the conclusion.' *Telespectrum, Inc. v. Public Serv. Comm'n*, 227 F.3d 414, 423 (6th Cir.2000) (citations omitted). When determining whether evidence is substantial, the Court must "take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951). The Court is confined to a limited review of the ALJ's decision and of the record made in the administrative hearing process.

The substantial-evidence standard allows considerable latitude to administra-tive decision makers. It presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir.1986) (en banc) (internal quotation omitted).

## III  ANALYSIS

### A.  SSR 83–10

■ Plaintiff contends that the Magistrate Judge failed to consider Defendant's alleged error in not applying SSR 83–10 to this situation. In relevant part, SSR 83–10 states that "[r]elatively few unskilled light jobs are performed in a seated position ... Many unskilled light jobs are performed primarily in one location, with the ability to stand being more critical than the ability to walk." (Pl. Obj. at ¶ 1.) Because of Defendant's failure to consider SSR 83–10, Plaintiff argues, the ALJ wrongly decided that Plaintiff could perform a range of light work "with a broadly posited 'sit/stand option.' "

Plaintiff appears to rely upon the aspect of SSR 83–10 that dictates that a person classified as able to perform "light work" must, *inter alia*, be able to stand or walk six hours in an eight-hour work day, and that a worker may sit during the remaining time. *Diaz v. Chater*, No. 95–5007, 1995 WL 460507, at *2 (10th Cir. Aug.3, 1995); *Scott v. Shalala*, no. 92–5205, 1993 WL 307658, at *2 (10th Cir. Aug. 9, 1993); *Rogers v. Apfel*, No. 97 Civ. 0210, 2001 WL 9037, at *4 (S.D.N.Y. Jan. 4, 2001).

Turning to the record, however, the Court concludes that there is substantial evidence that Plaintiff can stand for six hours in an eight-hour period. The Residual Physical Functional Capacity Assessment performed by F.W. Bald, M.D., in 1993, for example, indicates that Plaintiff

can stand or walk for six out of eight hours with normal breaks. (Record at 38.) Plaintiff himself stated that, from June until December, 1997, he worked as a filling-station clerk. (Record at 352.) In that capacity, Plaintiff had to lift cases of beverages weighing forty to fifty pounds and stood for more than seven hours out of an eight-hour day. (Record at 352–54.) The ALJ relied particularly upon the latter piece of information. (Record at 14.) Although there was contrary evidence before the ALJ (Record at 357), a reasonable mind could have concluded in May, 1998, when the ALJ issued her decision, that Plaintiff could stand or walk for six hours in an eight hour period and could lift ten to twenty pounds. This Court therefore holds that SSR 83–10 does not undermine the ALJ's decision and that the Magistrate Judge committed no error when she failed to reach the opposite conclusion.

### B. SSR 83–14

Social Security Ruling 83–14 states that "[t]he major difference between sedentary and light work is that most light jobs—particularly those at the unskilled level of complexity—require a person to be standing or walking most of the workday." Plaintiff avers, without citing to the record, that the "ALJ found Plaintiff incapable of standing for most of" his time at work. (Pl. Obj. at ¶ 2.) Thus Plaintiff seems to argue that the ALJ contradicted SSR 83–14. The problem with this argument is twofold.

■ First, Plaintiff's failure to cite to the record for the proposition that the "ALJ found Plaintiff incapable of standing for most of" his time at work is unacceptable. Plaintiff should not expect the Court to search the ALJ's ruling in support of Plaintiff's argument; i.e., he should not anticipate that the Court will do what he could and should have done for himself. *Cf. United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991) (reasoning that "judges are not like pigs, hunting for truffles buried in" deposition transcripts).

Second, the Court's examination of the ALJ's ruling fails to show that she found Plaintiff "incapable of standing for most of" his time at work. On these facts, the Court holds that SSR 83–14 does not undermine the ALJ's decision.

### C. SSR 83–12

Plaintiff argues that the ALJ's decision cannot stand in light of SSR 83–12, and then quotes SSR 83–12. (Pl. Obj. at ¶ 3.) At no point does Plaintiff extrapolate as to why the ALJ's decision is infirm in light of SSR 83–12. There are two flaws in this argument.

■ First, a party "may forfeit the right to de novo review if his objections are general or conclusory and do not relate to a specific error in the Report and Recommendation." *McCall v. United States,* No. 8:96–62–20, 1997 WL 699584, at *2 (D.S.C. July 3, 1997) (citation omitted). By merely asserting that the report and recommendation does not comport with SSR 83–12, Plaintiff has asserted a conclusory allegation that does not merit further review.

Second, even if Plaintiff's objection did warrant review, that review would be unavailing. Social Security Ruling 83–12 arguably stands for the proposition that a worker may be disqualified from performing both light and sedentary work because of a need to alternate between sitting and standing. *See Wiergowski v. Commissioner,* No. 95–2011, 1996 WL 520786, at *2 (6th Cir. Sept.12, 1996). For reasons discussed *supra,* substantial evidence supported the conclusion that Plaintiff was qualified for light work. Social Security Ruling 83–12, which applies where a worker is unable to perform both light *and* sedentary work, thus fails to aid Plaintiff's position.

### D. Defendant's alleged error in not applying the vocational expert's testimony as to Plaintiff's alleged disability

■ Plaintiff maintains that the ALJ failed to consider "the vocational expert's

testimony" to the effect that a "person needs to be able to maintain a position long enough to be productive in a workplace, usually work 20 minutes to half an hour in one position without constant shifting up and down ... If a person would need to change their [sic] positions more frequently than that on a regular basis then, then I believe that would be incompatible with performing the jobs." (Pl. Obj. at ¶ 4.) Plaintiff nonetheless fails to substantiate that the ALJ failed to consider this testimony, nor does he point to a shred of evidence in the record that Plaintiff is incapable of maintaining one position for twenty to thirty minutes. The Court's own examination of the record reveals ample evidence that suggests he could. (Record at 14–15; 200; 354.) The Court rejects this objection.

### E. Alleged error in calling the narrow range of sedentary work 'light'

Plaintiff argues that the ALJ erred in concluding that he is able to do light work when, in fact, he can only do a narrow range of sedentary work. As discussed above, substantial evidence supported the ALJ's conclusion that Plaintiff can do light work. The Court rejects this objection.

### F. Allegation that the Magistrate Judge wrongly stated that there was no medical evidence to show that Plaintiff could not lift twenty pounds occasionally and ten pounds frequently

The Court rejects this contention, which Plaintiff makes without a supporting citation, because whether the Magistrate Judge stated that there was no medical evidence to show that Plaintiff could not lift twenty pounds occasionally and ten pounds frequently is of little consequence. Even if such evidence existed, the ALJ still had substantial evidence that Plaintiff could perform light work. The existence of such evidence, *simpliciter*, suffices as a basis for affirming the ALJ's decision. The Court rejects this argument.

### G. Magistrate Judge's alleged failure to observe Defendant's failure to find that Plaintiff's rheumatoid arthritis is severe enough to be a "listed impairment" under Listing § 1.02.

The Court rejects this argument because substantial evidence supported the ALJ's not concluding that Plaintiff's rheumatoid arthritis was a "listed impairment" under § 1.02. Specifically, evidence showed that Plaintiff failed to meet Listing § 1.02's requirement that his condition last "despite prescribed therapy for at least three months." One of the doctors who examined Plaintiff reported that, when Plaintiff took his medication, he could keep his condition under control. (Record at 267–68.) It seems that Plaintiff's most recent attack of rheumatoid arthritis, moreover, coincided with his "noncompliance with medications prior to the attack." (Record at 14; 312.) There was substantial evidence, in other words, that Plaintiff's symptoms did not persist with prescribed therapy. Under such circumstances, Plaintiff does not meet the criteria of Listing 1.02. *Cf. Conn v. Secretary of Health and Human Services*, 51 F.3d 607, 609 (6th Cir.1995).

For reasons set forth above, this Court overrules Plaintiff's objections to the report and recommendation of Magistrate Judge Morgan.

Accordingly, this Court being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the report and recommendation [docket entry 13] are **OVERRULED.**

**IT IS FURTHER ORDERED** that Magistrate Judge Morgan's report and recommendation of January 4, 2001 [docket entry 12] is **ACCEPTED** as the Court's opinion.

**SO ORDERED.**

## JUDGMENT

This action having come before this Court, the Honorable Paul V. Gadola presiding, the issues having been fully presented, the Court being fully advised in the premises, and a decision having been duly rendered,

It is **ORDERED** and **ADJUDGED** that Plaintiff take nothing from the Defendant, that Defendant be awarded costs in accordance with Fed.R.Civ.P. 54(d), and that the action against Defendant be dismissed on the merits.

It is further ORDERED that the clerk serve a copy of this judgment by United States mail on the counsel for Plaintiff and on counsel for Defendant.