UNITED STATES of America,
Plaintiff,

v.

Opal TYSON, Defendant,

and

Ford Motor Company Retirement
Trust, Garnishee.

No. 02–X–73808–DT.

United States District Court,
E.D. Michigan,
Southern Division.

April 9, 2003.

Jacqueline M. Hotz, A.U.S.A., Detroit,
MI, for Plaintiff.

Opal Dean Tyson, Detroit, Ford Motor Co. Retirement—Julia Turner Baumhart, Noel D Massie, Birmingham, MI, for Defendant.

## OPINION

DUGGAN, District Judge.

Plaintiff, United States of America (the Government), filed its Application for Writ of Continuing Garnishment on September 23, 2002. The garnishment stems out of Defendant, Opal Tyson's (Tyson), conviction in this Court, for which Tyson was ordered to pay restitution. Tyson filed a request for hearing on September 30, 2002. On October 1, 2002, this Court referred the matter to Magistrate Judge R. Steven Whalen for a hearing and determination on Tyson's request for hearing. Garnishee, Ford Motor Company Retirement Trust (Ford Trust), filed an Answer to the Application on October 8, 2002. Magistrate Judge Whalen held a hearing on the matter on November 19, 2002. On January 14, 2003, Magistrate Judge Whalen issued an Opinion and Order, holding that the Government is entitled to a writ of garnishment against Tyson's interest in the Ford Trust.

The Matter is currently before the Court on Ford Trust's "Objections" to Magistrate Judge Whalen's Opinion and Order. For the reasons set forth below, the Opinion and Order is construed to be a report and recommendation (R & R), and Ford Trust's remaining objections thereto are overruled.

## STANDARD OF REVIEW

■ The parts of the R & R to which Plaintiff objects will be reviewed by the Court *de novo. Thomas v. Halter,* 131 F.Supp.2d 942, 944 (E.D.Mich.2001).

However, the Court "is not required to articulate all of the reasons it rejects a party's objections." *Id.* (citations omitted).

## DISCUSSION

■ Initially, Ford Trust objects to Magistrate Judge's Whalen issuing an Opinion and Order rather than an R & R. In referring this matter to Magistrate Judge Whalen, this Court issued an Order of Reference for a "Hearing and Determination pursuant to [28 U.S.C. § 636(b)(1)(A) ] on: DEFENDANT'S REQUEST FOR HEARING ON GARNISHMENT." (10/01/02 Order)(emphasis in original). Magistrate Judge Whalen then held a hearing on the matter and issued an Opinion and Order holding that the Government is entitled to the garnishment sought.

Ford Trust argues that because this matter is not a pretrial matter and because the Opinion and Order disposes of their defense, Magistrate Judge Whalen should have issued an R & R, which would be subject to objections and de novo review by this Court. The Court agrees. The Order of Reference was made pursuant to 28 U.S.C. § 636(b)(1)(A), which provides that "a judge may designate a magistrate judge to hear and determine any *pretrial* matter pending before the court ...." 28 U.S.C. § 636(b)(1)(A)(emphasis added). Because the matter dealt with in the Opinion and Order is dispositive of the Government's claim and Ford Trust's defense, the Opinion and Order shall be construed as an R & R, and Ford Trust's remaining objections shall be treated as objections to the R & R. *See* Fed.R.Civ.P. 72(b).[1]

■ The issue before Magistrate Judge Whalen was whether the Government can

1. Federal Rule of Civil Procedure 72(b) provides that a magistrate judge hearing "a pretrial matter dispositive of a claim or defense ... shall enter into the record a recommenda-tion ..." to which the parties may object and which subjects the recommendation to de novo review by the district court. Fed.R.Civ.P. 72(b).

garnishee Tyson's interest in the Ford Trust pursuant to the Federal Debt Collections Procedures Act (FDCPA), 18 U.S.C. § 3613, notwithstanding the Employee Retirement Income Security Act's (ERISA) anti-alienation provision, 29 U.S.C. § 1056(d)(1), and the anti-alienation provision in the Internal Revenue Code (IRC), 26 U.S.C. § 401(a)(13). Magistrate Judge Whalen held, in pertinent part, that the FDCPA is an exception to the anti-alienation provision of ERISA. (R & R at 8). Therefore, "the government is ... entitled to a writ of garnishment against [Tyson's] interest in the" Ford Trust. (Id). Magistrate Judge Whalen also found that the Internal Revenue Code's anti-alienation provision is "in perfect harmony" with the FDCPA and ERISA "as to the ability of the government to garnish[ee] a qualified pension plan in order to enforce either a federal income tax liability or a criminal restitution order." (R & R at 7).

Ford Trust raises two objections to the R & R. Ford Trust's first objection is based on Ford Trust's "concern for its qualified status, as determined by the [Internal Revenue Service (IRS)] (which has not exempted criminal fines and restitution orders from anti-alienation requirements) ...." (Ford Trust's Br. at 7). Ford Trust contends that Magistrate Judge Whalen's conclusion that the IRC's anti-alienation provision is "in perfect harmony" with the FDCPA and ERISA is in error because the IRC "and its implementing regulations ... exempt *only* federal income tax liabilities, not liabilities that are *simply like federal tax liabilities.*" (*Id.* at 5)(emphasis in original).

The IRC provides, in pertinent part, that:

A trust shall not constitute a qualified trust under this section unless the plan of which such trust is a part provides that benefits provided under the plan may not be assigned or alienated ....

26 U.S.C. § 401(a)(13)(A). Ford Trust objects to the R & R and contends this provision of the IRC prohibits garnishments. In support, Ford Trust cites *General Motors Corp. v. Buha, et al.,* 623 F.2d 455 (6th Cir.1980). In *Buha,* the Sixth Circuit concluded that "[g]iving the required effect to [Regulation 1.401(a)–13 promulgated by the Secretary of Treasury under the authority of the IRC] ... pension plan benefits are not subject to garnishment ...." *Id.* at 463. The garnishment at issue in *Buha* arose from a state court judgment in a tort action between private parties.

Although the sweeping statement in *Buha* seems to preclude any garnishment of pension plan benefits under IRS Regulation 1.401(a)–13, the Regulation itself provides for exceptions for the following:

(i) The enforcement of a federal tax levy made pursuant to section 6331.

(ii) The collection by the United States on a judgment resulting from an unpaid tax assessment.

26 C.F.R. § 1.401(a)–13(b)(2)(i) and (ii). Although the garnishment at issue in the case at bar does not fall explicitly into either of these exceptions, the garnishment at issue does, in this Court's opinion, fall implicitly into the second exception through the FDCPA. Section 3613(c) of the FDCPA provides that:

an order of restitution made pursuant to section 2248, 2259, 2264, 2327, 3663, 3663A, or 3664 of this title, is a lien in favor of the United States on all property and rights to property of the person fined *as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986* ....

18 U.S.C. § 3613(c)(emphasis added). Magistrate Judge Whalen found that the restitution at issue in this case falls within at least two of the above enumerated sections of Title 18.[2] (R & R at 7, n.5).

Ford Trust objects to the R & R's conclusion that Section 3613(c) provides a basis for the garnishment at issue to fall within the exception enumerated in Regulation 1.401(a)–13 because, the Regulation provides an exception for tax liens, not, in Ford Trust's words, "liabilities *that are similar* to tax liens ...." (Ford Trust's Br. at 7)(emphasis in original). Ford Trust's use of the word "similar" is not an accurate description of Section 3613(c). The Section provides, in pertinent part, that a lien under the enumerated sections of Title 18 *"is a lien* in favor of the United States ... *as if* [it] ... were a liability for a tax assessed ...." 18 U.S.C. § 3613(c)(emphasis added). Therefore, under Section 3613(c), the restitution at issue in the case at bar must be treated not "similar" to a tax lien, but "as if" it were a tax lien. Treating the restitution at issue as a tax lien leads to the restitution falling implicitly into the exception enumerated under Regulation 1.401(a)–13(b)(2)(ii) for "collection by the United States on a judgment resulting from an unpaid tax assessment." 26 C.F.R. § 1.401(a)–13(b)(2)(ii). Therefore, the garnishment at issue is "in perfect harmony" with the antialienation provision of the IRC contained in 26 U.S.C. § 401(a)(13). Accordingly, Ford Trust's objection to the R & R is overruled.

Ford Trust's final objection is that Magistrate Judge Whalen "erred by omitting any analysis of the relevant legislative history." (Ford Trust's Br. at 8). There is no requirement that Magistrate Judge Whalen, or this Court, take into consideration evidence that "Congressional members were aware of the need to amend both statutes, but failed to do so." (*Id* ). Therefore, Ford Trust's objection based on Magistrate Judge Whalen's alleged omission of analysis of the legislative history put forth by Ford Trust is overruled.

After careful review of the R & R and the objections thereto, the Court sustains Ford Trust's first objection, insofar as it requests the Opinion and Order be treated as an R & R, and the Court overrules Ford Trust's other objections for the reasons stated above. The Court concurs with Magistrate Judge Whalen's recommendation in the R & R. Because the R & R indicates that Tyson has paid $45 towards the restitution and special assessment to date, but there is no indication how this $45 has been applied against the amount owed by Tyson both in restitution and special assessment, the Government is instructed to file a motion with this Court indicating the amount owed for the restitution and how much of this amount can be satisfied through Tyson's interest in Ford Trust. The Court will then issue an order of garnishment for the appropriate amount.

An Order consistent with this Opinion and the R & R shall issue forthwith.

---

**2.** Ford Trust has not objected to this finding in the R & R.