**UNITED STATES of America, Plaintiff,**

v.

**Shannon F. CAGLE, Defendant.**

No. 05–73883.

United States District Court,
E.D. Michigan,
Southern Division.

April 7, 2006.

Pamela S. Ritter, Southfield, MI, for Plaintiff.

Shannon F. Cagle, pro se.

### OPINION AND ORDER

DUGGAN, District Judge.

On December 9, 2005, a default judgment was entered as to Defendant Shannon F. Cagle. On December 28, 2005, writs of continuing garnishment were entered as to Defendant and four garnishees, including the Co Op Services Credit Union. On January 31, 2006, Defendant filed an objection to the writs of garnishment, which was referred to Magistrate Judge R. Steven Whalen for a Report and Recommendation (R & R). At a hearing before Magistrate Judge Whalen, on March 9, 2006, Defendant requested that the default judgment be set aside.

On March 20, 2006, Magistrate Judge Whalen filed his R & R recommending that this Court uphold Defendant's objection to the writs of garnishment, vacate the writs of

garnishment, and set aside the default judgment. At the conclusion of the R & R, Magistrate Judge Whalen advises the parties that they may object and seek review of the R & R within ten days of service upon them. The R & R also advises the parties that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal," citing *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), *Howard v. Secretary of HHS,* 932 F.2d 505, 508 (6th Cir. 1991), and *United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981).[1] Neither party filed objections to the R & R.

The Court, however, has carefully reviewed the R & R and concurs with Magistrate Judge Whalen's conclusions.

Accordingly,

**IT IS ORDERED** that the default judgment entered in this case, and the writs of continuing garnishment are **VACATED**.

### REPORT AND RECOMMENDATION

WHALEN, United States Magistrate Judge.

■ On December 9, 2005, a judgment by default was entered as to Defendant Shannon F. Cagle. On December 28, 2005, writs of continuing garnishment were entered as to Defendant and four garnishees, including the Co Op Services Credit Union. Defendant's objection to the writs of garnishment [Docket # 26] has been referred to the undersigned. A hearing was held on March 9, 2006, at which the Defendant, who has been unrepresented by counsel throughout these proceedings, requested that the default judgment be set aside. For the reasons set forth below, I recommend that Defendant's objection to the writs of garnishment be upheld, that the writs of garnishment be vacated, and that the default judgment be set aside.[1]

---

1. In *United States v. Walters,* the Sixth Circuit held that a party waives his or her right to appeal by failing to file objections to a magistrate judge's report and recommendation within ten days, provided the magistrate judge notified the parties that failure to file objections constitutes a waiver of appeal. 638 F.2d 957, 959–60 (6th Cir.1981). The Supreme Court affirmed the Districts' power to impose such an administrative rule in *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). *See also Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508 (6th Cir.1991). Magistrate Judge Whalen

notified the parties that failure to file objections would constitute a waiver of their right to appeal.

1. Post-judgment objections to garnishment, as well as requests to set aside default judgment, are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(b). *United States v. Tyson,* 265 F.Supp.2d 788, 789 (E.D.Mich.2003); *Massey v. City of Ferndale,* 7 F.3d 506 (6th Cir.1993).

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a student loan case. On October 11, 2005, the Plaintiff filed its Complaint alleging unpaid principal balance and interest totaling $5,576.82. At the hearing on March 9, 2006, Defendant represented that she had received a demand for payment prior to the lawsuit being filed, and had contacted Plaintiff's attorney in an attempt to resolve the matter. It was and is Defendant's position that the loan was paid in full long ago. Nevertheless, Defendant was served with the Complaint and Summons on November 18, 2005.

December 9, 2005—one day after the 20-day period for answering the Complaint—was an eventful day, as shown by the docket entries. First, with uncharacteristic speed and efficiency, the government moved for judgment by default [Docket # 4], and on the same date, the Clerk entered a default under Fed.R.Civ.P. 55(a) [Docket # 6] and a judgment by default under Fed.R.Civ.P. 55(b)(1) [Docket # 7]. Then, on this very same day, the Defendant's Answer was docketed [Docket # 8].[2] The Proof of Service at the bottom of the one-page answer states that it was sent to the Plaintiff's attorney both by certified mail and fax on December 8, 2005. On December 27, 2005, the Plaintiff filed its requests for garnishment. Defendant stated at the hearing that she did not learn of this belated Christmas present until after she returned from an out-of-town holiday trip.

## II. STANDARD OF REVIEW

■ As an initial matter, the Court recognizes that Defendant is unrepresented by counsel. Therefore, her pleadings and arguments will not be held to the standard of a practicing attorney, but will be given a liberal construction. *See Martin v. Overton,* 391 F.3d 710, 712 (6th Cir.2004), citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Herron v. Harrison,* 203

F.3d 410, 414 (6th Cir.2000) (*pro se* pleadings are held to "an especially liberal standard"); Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice"). Viewing Defendant's written objection to garnishment in the context of her Answer to the Complaint and her clear statements at oral argument, it shall be construed as a motion to set aside default judgment.[3]

■ Fed.R.Civ.P. 55(c) provides that a judgment by default may be set aside in accordance with Rule 60(b).[4] Rule 60(b) articulates six reasons a default judgment may be set aside, including "(1) mistake, inadvertence, surprise, or excusable neglect; ... or (6) any other reason justifying relief from the operation of the judgment." The decision to vacate a default judgment is entrusted to the court's discretion. *In re Walter,* 282 F.3d 434, 440 (6th Cir.2002). Rule 60(b)(1) must be applied "equitably and liberally ... to achieve substantial justice." *Williams v. Meyer,* 346 F.3d 607, 613 (6th Cir.2003). Because of the strong policy consideration that cases should be decided on their merits, a court faced with a motion to set aside a default judgment should construe disputed or ambiguous facts in the light most favorable to the defendant. *INVST Financial Group, Inc. v. Chem–Nuclear Systems, Inc.,* 815 F.2d 391, 398 (6th Cir.1987), *quoting Jackson v. Beech,* 636 F.2d 831, 838 (D.C.Cir.1980).

■ In *United Coin Meter Co. v. Seaboard Coastline R.R.,* 705 F.2d 839, 845 (6th Cir.1983), the court enunciated three factors to consider in deciding a Rule 60(b) motion "[1][w]hether the plaintiff will be prejudiced; [2][w]hether the defendant has a meritorious defense; and [3][w]hether culpable conduct of the defendant led to the default." When reviewing a motion to set aside default judgment under Rule 60(b), the court may not consider the underlying strength of a plain-

---

2. At the hearing, Defendant stated that she sent the Answer to District Judge Duggan's chambers, rather than directly to the Clerk's Office. It is time-stamped December 9, 2005 by the Clerk's Office.

3. This Court indicated as such at oral argument, giving both parties the opportunity to address the issue of setting aside the default judgment.

4. Rule 55(c) sets forth a more relaxed "good cause" standard for setting aside a Clerk's entry of default. Where, as here, the entry of default has ripened into a default judgment, the stricter requirements of Rule 60(b) apply. *Burrell v. Henderson,* 434 F.3d 826, 831–32 (6th Cir.2006).

tiff's claim. *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir.1998).

## III. ANALYSIS

■ The default judgment against the Defendant (and, concomitantly, the writs of continuing garnishment) should be set aside pursuant to Rule 60(b)(1) (excusable neglect) and 60(b)(6) (any other reason). The "other reason" under sec. (b)(6) is that under the facts of this case, it would be grossly unfair and inequitable to do otherwise.

■ The first *United Coin and Meter* factor is prejudice to the Plaintiff. In this case, the Complaint was filed in late October, 2005, and served on November 18th. Default judgment was entered only three weeks later. There has not been an undue passage of time, and in any event, "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice." *Burrell v. Henderson, supra*, 434 F.3d at 835. There is no evidence that Plaintiff will be otherwise prejudiced if the default judgment is vacated.

■ The second factor examines whether the defendant has a meritorious defense. A defense is meritorious if "there is *some possibility* that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *Williams v. Meyer, supra*, 346 F.3d at 614 (internal quotations and citations omitted) (emphasis in original). Further, "[i]f a defense is 'good at law,' regardless of the likelihood of success, it will be considered meritorious." *Burrell v. Henderson, supra*, 434 F.3d at 834. In this case, the Defendant's Answer states in no uncertain terms that the debt was paid in full, and the account closed more than 10 years ago.[5] This is not only a meritorious defense, but a complete defense.

■ The final factor is whether culpable conduct of the defendant led to the default or whether, under the formulation of Rule 60(b)(1), the defendant's neglect was excusable. "In cases that have not been heard on the merits, the determination of whether neglect is excusable takes into account the length and reasons for the delay, the impact

on the case and judicial proceedings, and whether the movant requesting relief has acted in good faith." *Burrell* at 832. In this case, the Defendant's Answer was sent certified mail to both the Court and to Plaintiff's counsel on December 8, 2005, the last day for filing an Answer under the 20–day rule of Fed.R.Civ.P. 12(a)(1)(A). Significantly, the Defendant also served Plaintiff's counsel by fax on the same day. The Answer was actually received by the Court on December 9th, a mere one day late. Thus, the length of the delay could not have been more minimal, and the reason for the delay cannot be attributed to any intent on the part of the Defendant to delay or hinder the proceedings. Indeed, given that she was unrepresented by counsel,[6] she may well have believed that mailing the Answer on the final day constituted timely filing. Defendant has also shown a diligent and good faith attempt to resolve the merits of this case by contacting Plaintiff's attorney when she first received a demand letter, when she received the Complaint, and when she received the notice of default.

Defendant has made a substantial showing of entitlement to relief from the default judgment under Rule 60(b), and to deny that relief would be manifestly unfair.

## IV. CONCLUSION

For these reasons, I recommend that the default judgment entered in this case, along with the writs of continuing garnishment, be VACATED. I further recommend that the Court attempt to procure pro bono counsel for the Defendant.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981). Filing of objections

---

**5.** Defendant states that the payment was submitted under the name Shannon Leigh Cagle, not Shannon F. Cagle, the name shown on Plaintiff's records.

**6.** At oral argument, Plaintiff stated that she simply could not afford an attorney.

which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sullivan,* 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated March 20, 2006.